**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| DISABLED PATRIOTS OF AMERICA, ) <br> INC., AND BONNIE KRAMER, ) <br>                Plaintiffs, ) <br> ) <br>        vs. ) <br> ) <br> PORT HOSPITALITY, LLC, ) <br> ) <br>                Defendant. ) | CASE NO. 1:06CV2889 <br><br> JUDGE CHRISTOPHER A. BOYKO <br><br> **OPINION AND ORDER** |

**CHRISTOPHER A. BOYKO, J.**:

      This matter comes before the Court upon the Motion (ECF DKT #18) of Defendant, Port Hospitality, LLC, for Summary Judgment. For the following reasons, the motion is overruled.

**I. FACTUAL BACKGROUND**

      Defendant, Port Hospitality, LLC, is the owner of the Baymont Inn & Suites, located at 1421 Golden Gate Boulevard in Cleveland, Ohio. The hotel is a public accommodation and service establishment as defined under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*. Plaintiff, Disabled Patriots of America, Inc. ("Disabled Patriots"), is a non-profit corporation which represents the interests of its members and others by assuring that places of public accommodation are accessible to individuals with disabilities. Plaintiff, Bonnie Kramer, is a member of this organization. In their Complaint, Plaintiffs allege Kramer visited the Baymont Inn & Suites in September of 2006, but her access and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or

accommodations was denied and/or limited because of her disabilities, and would be denied and/or limited in the future unless Defendant is compelled to remove the physical barriers and violations which exist at the hotel. Kramer alleges she intends to visit the hotel again in the near future. (Complaint at ¶ 14). Plaintiffs seek injunctive relief requiring Defendant make the property accessible to individuals with disabilities.

Defendant moves for summary judgment, arguing the undisputed evidence shows neither Plaintiff has standing to pursue this ADA claim.

## II. LAW AND ANALYSIS

**Standard of Review**

**Motion for Summary Judgment**

A summary judgment should be granted only if "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The burden is on the moving party to conclusively show no genuine issue of material fact exists, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lansing Dairy, Inc. v. Espy*, 39 F. 3d 1339, 1347 (6th Cir. 1994); and the court must view the facts and all inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Once the movant presents evidence to meet its burden, the nonmoving party may not rest on its pleadings, but must come forward with some significant probative evidence to support its claim. *Celotex*, 477 U.S. at 324; *Lansing Dairy*, 39 F. 3d at 1347; *Lee v. Ritter*, No. 1:02-CV-282, 2005 WL 3369616, at *2 (E.D. Tenn. Dec. 12, 2005).

This Court does not have the responsibility to search the record *sua sponte* for genuine issues of material fact. *Betkerur v. Aultman Hospital Ass'n.*, 78 F. 3d 1079, 1087 (6th Cir. 1996); *Guarino v. Brookfield Township Trustees*, 980 F. 2d 399, 404-06 (6th Cir. 1992). The burden falls upon the nonmoving party to "designate specific facts or evidence in dispute," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); and if the nonmoving party fails to make the necessary showing on an element upon which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323; *Lee*, 2005 WL 3369616 at *2. Whether summary judgment is appropriate depends upon "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Amway Distributors Benefits Ass'n v. Northfield Ins. Co.*, 323 F. 3d 386, 390 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 251-52).

**Standing**

Pursuant to Article III of the Constitution, federal courts have jurisdiction only over actual cases or controversies. "[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." See *Allen v. Wright*, 468 U.S. 737, 751 (1984). The party invoking federal jurisdiction bears the burden of establishing the elements of standing. See *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990). A plaintiff must demonstrate (1) he has suffered an "injury in fact," that is "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical"; (2) a causal connection between the injury and the challenged conduct, that is, "the injury has to be fairly ... traceable to the challenged action of the defendant, and not ... the result [of] the independent action of some third party not before

the court"; and (3) it must be "likely," as opposed to "speculative" that the injury will be "redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

**Plaintiff Bonnie Kramer**

Defendant contends the bare allegation in the Complaint that Kramer intends to return in the "near future" is insufficient to demonstrate standing. The U.S. Supreme Court has consistently held that non-specific intentions to return to a place of accommodation at an undetermined future time fails to show the actual or imminent threat of future injury required for standing. *Lujan*, 504 U.S. at 565.

Plaintiff Kramer submits her Declaration in opposition to Defendant's Motion for Summary Judgment. She states:

> "4. In addition to that stay on [*sic*] September, 2006, I have stayed at the Facility on other occasions prior to the filing of this lawsuit. I have not stayed at the Facility since September, 2006 because it is inaccessible to me due to my disability."

– and –

> "8. I intend to visit the Facility again in the near future in order to utilize all of goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Facility, but will be unable to do so because of my disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility that preclude and/or

limit my access to the Facility and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth herein."

– and –

"9.  I fully anticipate that I will have other stays at the Facility due to being displaced from my home.  The fact is that my apartment is in an older building that has problems with heating, air conditioning, and electricity. ... When the air conditioning is not working in my apartment, I must stay elsewhere.  However, I need to stay close-by due to convenience, in order to check on the status of any repairs, and in order to meet with repairmen and/or the apartment's personnel."

– and –

"10.  I also make use of area hotels when family and/or friends are in town to visit."

– and –

"11.  I also stay in area hotels (frequently) as a romantic interlude with my boyfriend and for a change of scenery."

– and –

"12.  In the past, I have stayed at an area hotel 5-6 times per year, or every other month.  I have no reason to believe that this pattern will change and I fully expect that I will continue to stay at area hotels 5-6 times per year. ... As said before, this hotel is close to my residence, affordable and a good

value for the price."

– and –

"13. Completely independent of my personal desire to have access to the Facility as a consumer, free of illegal barriers to access, I also intend to act as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled at the Facility. ... I also intend to visit the premises annually (at least) to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. ..."

The evidence in this case establishes, therefore, beyond bare allegation, that Kramer has previously visited the Defendant's hotel, and will do so again in the future, not only to avail herself of the goods and services available at the property, but to assure herself that this property is in compliance with the ADA. Accordingly, Plaintiff Kramer has standing to seek injunctive relief against Defendant. Because of structural and architectural barriers at the hotel, Kramer is discouraged from patronizing a public accommodation – the Baymont Inn & Suites. The potential for actual harm or injury continues until the hotel remedies these problems in accordance with the ADA.

**Plaintiff Disabled Patriots of America, Inc**.

An association has standing to assert the claims of its members, who would otherwise have standing to sue in their own right, "even where it has suffered no injury from the challenged activity." *Hunt v. Wash. State Apple Advertising Comm.*, 432 U.S. 333, 342-43 (1977). In her Declaration, Kramer states that she is a member of the non-profit organization

known as Disabled Patriots of America, Inc.  (Declaration at ¶ 14).  Although Disabled Patriots claims no injury on its own behalf, it has standing as a plaintiff by virtue of its member's (Kramer's) claim of harm.

### III. CONCLUSION

Accordingly, the evidence before the Court establishes the Plaintiffs, Disabled Patriots of America, Inc. and Bonnie Kramer, have standing to assert their claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*.  Therefore, the Motion of Defendant, Port Hospitality LLC, for Summary Judgment is overruled.

**IT IS SO ORDERED.**

**DATE: November 8, 2007**

 s/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**