**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| BONNIE KRAMER, *et al.*, | ) | CASE NO. 1:06-cv-02889 |
| | ) | |
| Plaintiffs, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE GREG WHITE |
| | ) | |
| PORT HOSPITALITY, LLC, | ) | |
| | ) | |
| Defendant. | ) | **REPORT & RECOMMENDATION** |

This matter was referred to the undersigned Magistrate Judge on March 1, 2008 for a Report and Recommendation concerning the Motion for Attorney Fees and Costs filed by Plaintiffs Bonnie Kramer and the Disabled Patriots of America, Inc. (collectively "Plaintiffs") on February 1, 2008. (Doc. No. 26.). Defendant Port Hospitality, LLC ("Defendant") has not filed any response or objection to Plaintiffs' motion.

On January 22, 2008, this Court entered a default judgment against Defendant and found that "Plaintiffs are the prevailing party, and that Plaintiffs are therefore entitled to recover their reasonable attorneys' and expert's fees, litigation expenses and costs from Defendant." (Doc. No. 25.)

This Court recently awarded attorneys' fees and costs in a similar action initiated by the same Plaintiffs in Case No. 1:06-cv-2888, *Disabled Patriots of America, Inc., et al. v. SCIT,*

*Inc* (hereinafter "the SCIT action"). Due to the strong similarities between these two matters, there is no reason for the Court to materially depart from its previous ruling. Thus, after a review of the supporting documentation filed by Plaintiffs, it is recommended that the following amounts be awarded to Plaintiffs:

    1. The hours expended by Plaintiffs' counsels (a total of 61.6 hours) and the hourly rate applied ($325 per hour) are reasonable and the work performed by the attorneys was not duplicative. The greater number of hours expended by Plaintiffs' counsel, as compared to the SCIT action, are justified due to the fact that the instant action was contested by Defendant until it withdrew its answer and its counsel withdrew from representation.[1] Therefore, Plaintiff should be awarded $20,020.00 for the attorneys' fees incurred in this matter.

    2. The hours expended by Plaintiffs' expert (33 hours) for both the preliminary and final inspections are reasonable. However, the hourly rate charged by Plaintiff's expert for the preliminary inspection ($200 per hour) is unreasonable when the same expert charged only $175 for exactly the same service in the SCIT action. Further, the invoices from the two preliminary inspections are only two days apart. As such, the hourly rate of Plaintiffs' expert will be reduced to $175 for the seventeen hours spent performing a preliminary inspection. The hourly rate charged for the final inspection ($200 per hour) is consistent with the rate charged for the same service in the SCIT action and is reasonable. Therefore, Plaintiff should be awarded a total of $6,175.00 for the expert's fees incurred in this matter.

    3. The costs and litigation expenses, including travel, incurred by Plaintiffs in this action

---

[1] Prior to the withdrawal of its counsel and its Answer, Defendant actively defended this matter to include an unsuccessful motion for summary judgment.

were reasonable. A total of $2,236.50 should be awarded in this category.[2]

Therefore, it is recommended that Plaintiffs be awarded an aggregate sum of $28,431.50 for their attorneys' fees, expert's fees, and the costs and expenses of litigation.

                                               /s/ Greg White
                                               U.S. MAGISTRATE JUDGE

Date: April 28, 2008

**OBJECTIONS**
**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days after being served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**

---

[2] Plaintiffs' counsel Guy M. Shir's travel expenses contain an entry dated March 2, 2006. This appears to be a typographical error, as counsel was personally present for a Case Management Conference, pursuant to this Court's order, held in Cleveland on March 2, 2007. Also, Mr. Shir's travel documentation indicates that travel expenses were incurred around March 2007 rather than 2006. (Doc. No. 29-2.) Mr. Shir claims a total of $878.80 for travel expenses associated with that trip. (Doc. No. 26-3.) This total appears to contain a minor mathematical error, as the documentation provided supports expenses of only $851.85. (Doc. No. 29-2.) Therefore, Plaintiffs' total award for costs and litigation expenses has been reduced by the difference between these two sums.